1    CHARLENE M. MORROW (CSB No. 136411)
cmorrow@fenwick.com
2    FENWICK & WEST LLP
Silicon Valley Center
3    801 California Street
Mountain View, CA 94041
4    Telephone: 650.988.8500
Facsimile: 650.938.5200
5

6    DAVID L. HAYES (CSB No. 122894)
dhayes@fenwick.com
7    EARL MAH (CSB No. 296984)
emah@fenwick.com
8    FENWICK & WEST LLP
555 California Street, 12th Floor
9    San Francisco, CA 94104
Telephone: 415.875.2300
10    Facsimile: 415.281.1350

11    Attorneys for PLAINTIFF
NUTANIX, INC.

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

SAN JOSE DIVISION

15

16    NUTANIX, INC.,        Case No.:_____

17            Plaintiff,        **COMPLAINT FOR DECLARATORY**

18            **JUDGMENT OF NON-INFRINGEMENT, UNPATENTABILITY AND INVALIDITY**
       v.        **OF PATENTS**

19

20    UNILOC 2017 LLC,        **DEMAND FOR JURY TRIAL**

           Defendant.

21

22

23        Plaintiff Nutanix, Inc. for its Complaint for Declaratory Judgment against Uniloc 2017

24    LLC alleges as follows:

25                   **NATURE OF THE ACTION**

26        1.        This is an action for declaratory judgment of non-infringement, unpatentability and

27    invalidity of U.S. Patent Nos. 6,324,578 (the "'578 patent"); 7,069,293 (the "'293 patent");

28    6,510,466 (the "'466 patent"); 6,728,766 (the "'766 patent"); and 6,110,228 (the "'228 patent")

FENWICK & WEST LLP
ATTORNEYS AT LAW

(collectively the "patents-in-suit") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code.  Uniloc 2017 has asserted rights in the patents-in-suit and contends it can be added to ongoing patent infringement litigation against Nutanix.  Nutanix thus seeks a declaration that it does not infringe the patents-in-suit and that the patents-in-suit claim no patentable subject matter and are invalid.  An actual, substantial, and continuing justiciable controversy exists between Nutanix and Uniloc 2017.

### THE PARTIES

2.      Plaintiff Nutanix is a corporation organized under the laws of Delaware, with its headquarters at 1740 Technology Drive, Suite 150, San Jose, California 95110.

3.      Uniloc 2017 LLC is a Delaware corporation that claims to have a principal place of business at 1209 Orange Street, Wilmington, Delaware 19801.

4.      Uniloc USA, Inc. is a Texas corporation that claims to have a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.

5.      Uniloc Luxembourg S.A. is a Luxembourg public limited liability company that claims to have a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

6.      Uniloc 2017, Uniloc USA and Uniloc Luxembourg are referred to collectively herein as "Uniloc."

### JURISDICTION AND VENUE

7.      This action is based on the patent laws of the United States, Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy exists between Nutanix and Uniloc 2017 that requires a declaration of rights by this Court.

8.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Uniloc 2017 LLC.  Uniloc 2017 is primarily engaged in the business of patent licensing.  Uniloc 2017 has claimed to be the

FENWICK & WEST LLP
ATTORNEYS AT LAW

successor in interest to certain rights formerly held by other Uniloc entities (i.e., Uniloc Luxembourg and Uniloc USA), and thus would have licensees in this district. Since becoming the claimed successor in interest to certain patent rights, upon information and belief, Uniloc 2017 has also negotiated licenses with California entities and/or entities that have substantial operations in this district.

10. Uniloc has also repeatedly availed themselves of the benefits of this forum, litigating several patents, including some of those asserted against Nutanix, in the Northern District of California, as shown below:

| Case Number | Case Name | U.S. Patents-in-Suit |
|---|---|---|
| 3:2017cv06733 | Uniloc USA, Inc. et al v. Logitech, Inc. et al | 6,622,018 |
| 3:2018cv00360 | Uniloc USA, Inc. et al v. Apple Inc. | 7,092,671 |
| 3:2018cv00365 | Uniloc USA, Inc. et al v. Apple Inc. | 6,216,158 |
| 4:2018cv00362 | Uniloc USA, Inc. et al v. Apple Inc. | 7,690,556 |
| 4:2018cv00364 | Uniloc USA, Inc. et al v. Apple Inc. | 7,881,902 7,653,508 8,712,723 |
| 4:2018cv00361 | Uniloc USA, Inc. et al v. Apple Inc. | 8,872,646 |
| 3:2018cv00358 | Uniloc USA, Inc. et al v. Apple Inc. | 6,661,203 |
| 3:2018cv00359 | Uniloc USA, Inc. et al v. Apple Inc. | 6,580,422 |
| 5:2018cv00357 | Uniloc USA, Inc. et al v. Apple Inc. | 8,239,852 8,838,976 9,414,199 |
| 3:2018cv00363 | Uniloc USA, Inc. et al v. Apple Inc. | 6,622,018 |
| 3:2018cv00572 | Uniloc USA, Inc. et al v. Apple Inc. | 6,161,134 6,446,127 |
| 5:2018cv01304 | Uniloc USA, Inc. et al v. Logitech, Inc. et al | 6,993,049 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Case Number | Case Name | U.S. Patents-in-Suit |
|---|---|---|
| 3:2018cv02375 | Uniloc USA, Inc. et al v. Ubisoft, Inc. | 6,489,974 |
| 4:2018cv02646 | Uniloc USA, Inc. et al v. Ubisoft, Inc. | 6,110,228<br>6,564,229 |
| 3:2018cv02913 | Uniloc USA, Inc et al v. LG Electronics U.S.A., Inc. et al | 6,161,134 |
| 3:2018cv02915 | Uniloc USA, Inc et al v. LG Electronics U.S.A., Inc. et al | 6,216,158 |
| 3:2018cv02907 | Uniloc USA, Inc et al v. LG Electronics U.S.A., Inc. et al | 6,622,018 |
| 3:2018cv02916 | Uniloc USA, Inc et al v. LG Electronics U.S.A., Inc. et al | 6,661,203 |
| 4:2018cv02917 | Uniloc USA, Inc et al v. LG Electronics U.S.A., Inc. et al | 7,690,556 |
| 4:2018cv02918 | Uniloc USA, Inc et al v. LG Electronics U.S.A., Inc. et al | 7,653,508<br>7,881,902<br>8,712,723 |
| 3:2018cv02919 | Uniloc USA, Inc et al v. LG Electronics U.S.A., Inc. et al | 6,580,422 |
| 3:2018cv03432 | Uniloc 2017 LLC et al v. Box, Inc. | 6,470,345 |
| 4:2018cv03364 | Uniloc USA, Inc. et al v. Box, Inc. | 6,110,228 |
| 5:2018cv06738 | Uniloc USA Inc et al v. LG Electronics USA Inc et al | 6,993,049 |
| 3:2018cv06740 | Uniloc USA Inc et al v. LG Electronics USA Inc et al | 7,167,487 |
| 3:2018cv06739 | Uniloc USA, Inc et al v. LG Electronics USA Inc et al | 7,020,106 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Case Number | Case Name | U.S. Patents-in-Suit |
|---|---|---|
| 3:2018cv06737 | Uniloc USA, Inc et al v. LG Electronics USA Inc et al | 6,868,079 |
| 3:2018cv07038 | Uniloc 2017 LLC v. Box, Inc. | 6,470,345 |

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Uniloc 2017 LLC is subject to personal jurisdiction in this district and thus resides in this district.

**INTRADISTRICT ASSIGNMENT**

12.     This is an intellectual property action subject to district-wide assignment pursuant to Local Rule 3-2(c) and 3-5(b).

**FACTUAL BACKGROUND**

13.     Nutanix is a leader in enterprise cloud computing and provides a cloud platform that leverages web-scale engineering and consumer-grade design to natively converge compute, virtualization and storage into a resilient, software-defined solution.

14.     Uniloc is a patent-licensing entity that neither makes nor sells any products or services.

15.     Uniloc 2017 LLC purports to be the sole owner of all rights, by assignment, of the '578 patent, entitled "Methods, Systems and Computer Program Products for Management of Configurable Application Programs on a Network."  On May 3, 2018, an assignment was executed, which was recorded on July 12, 2018 with the U.S. Patent and Trademark Office, assigning the '578 patent from Uniloc Luxembourg S.A. to Uniloc 2017 LLC.  *See* Patent Assignment 046532/0088.

16.     Uniloc 2017 LLC purports to be the sole owner of all rights, by assignment, of the '293 patent, entitled "Methods, Systems and Computer Program Products for Distribution of Application Programs to a Target Station on a Network."  On May 3, 2018, an assignment was executed, which was recorded on July 12, 2018 with the U.S. Patent and Trademark Office, assigning the '293 patent from Uniloc Luxembourg S.A. to Uniloc 2017 LLC.  *See* Patent Assignment 046532/0088.

17.     Uniloc 2017 LLC purports to be the sole owner of all rights, by assignment, of the '466 patent, entitled "Methods, Systems and Computer Program Products for Centralized Management of Application Programs on a Network."  On May 3, 2018, an assignment was executed, which was recorded on July 12, 2018 with the U.S. Patent and Trademark Office, assigning the '466 patent from Uniloc Luxembourg S.A. to Uniloc 2017 LLC.  *See* Patent Assignment 046532/0088.

18.     Uniloc 2017 LLC purports to be the sole owner of all rights, by assignment, of the '766 patent, entitled "Methods, Systems and Computer Program Products for License Use Management on a Network."  On May 3, 2018, an assignment was executed, which was recorded on July 12, 2018 with the U.S. Patent and Trademark Office, assigning the '766 patent from Uniloc Luxembourg S.A. to Uniloc 2017 LLC.  *See* Patent Assignment 046532/0088.

19.     Uniloc 2017 LLC purports to be the sole owner of all rights, by assignment, of the '228 patent, entitled "Method and Apparatus for Software Maintenance at Remote Nodes."  On May 3, 2018, an assignment was executed, which was recorded on July 12, 2018 with the U.S. Patent and Trademark Office, assigning the '228 patent from Uniloc Luxembourg S.A. to Uniloc 2017 LLC.  *See* Patent Assignment 046532/0088.

20.     On October 24, 2016, Uniloc USA and Uniloc Luxembourg filed suit against Nutanix alleging infringement of the '578 patent, the '293 patent, the '466 patent, and the '766 patent in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.). That case was consolidated for pre-trial purposes with *Uniloc, USA, Inc., et. al., v. Netsuite, Inc.*, Case No. 2:16-cv-00862-RWS (E.D. Tex).  Nutanix moved to dismiss Uniloc's complaint for failure to state a claim and for improper venue.  *Id.* at Dkt. No. 39.  That case has been dismissed without prejudice.

21.     On March 6, 2017, Uniloc USA and Uniloc Luxembourg filed suit against Nutanix alleging infringement of the '228 patent in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:17-cv-00174-JRG (E.D. Tex.).  That case has been dismissed without prejudice.

22.     On June 2, 2017, Nutanix filed suit in this district against Uniloc Luxembourg and Uniloc USA seeking declaratory judgment of non-infringement and invalidity of the patents-in-

FENWICK & WEST LLP
ATTORNEYS AT LAW

suit.  Causes of action one through four in that suit were stayed on February 2, 2018 pending resolution of Uniloc's appeal of an order "that claims 3–5, 8, 9, 13, 15–20, 22–24, 28–33, 35–37, 41 and 42 of the '466 patent, claims 5, 7, 9, 11, 13, 15 and 17 of the '766 patent, claims 1–8, 10-39 and 41–46 of the '578, and claims 1, 12 and 17 of the '293 patent are drawn to ineligible subject matter and, therefore, invalid." *Uniloc USA, Inc. v. ADP, LLC*, slip op. at 25, No. 2:16-cv-741-RWS (E.D. Tex. Sep. 28, 2017), Dkt. 267.  Cause of action five in that suit was stayed on July 18, 2018 pending resolution of Uniloc's appeal of an order that all claims of the '228 patent are drawn to ineligible subject matter and, therefore, invalid.  *See Uniloc, USA Inc. and Uniloc Luxembourg, S.A. v. Big Fish Games, Inc.*, slip op. at 13, No. C17- 1183RAJ (W.D. Wa., June 19, 2018). Dkt. No. 55.  The declaratory judgment action in this district remains stayed.

23.     During Uniloc's appeals of the invalidation of its patents, Uniloc asserted that "on May 3, 2018, Uniloc Luxembourg transferred all its rights in the patent in suit, including the right to pursue this action, to Uniloc 2017.  On that day, the exclusive license from Uniloc Luxembourg to Uniloc USA was terminated and replaced by licenses from Uniloc 2017 to Uniloc USA and Uniloc Licensing.  Those licenses were amended on August 28, and then terminated on November 16, 2018, leaving Uniloc 2017 as the sole owner of all rights in the patent in suit, including the right to continue to pursue this action." *Uniloc USA, Inc. et al. v. Big Fish Games, Inc.*, Case No. 18-2186 (CAFC) Dkt. No. 32 at 2 (regarding rights to the '228 patent); *see also Uniloc USA, Inc. et al. v. ADP, LLC*, Case No. 18-1132 (CAFC) Dkt. No. 93 at 1 (regarding rights to the '466 patent, the '766 patent, the '578 patent and the '293 patent); *see also* Patent Assignment 046532/0088.

24.     On March 13, 2019, and March 26, 2019, Uniloc USA and Uniloc Luxembourg filed a pleading with the U.S. Court of Appeals for the Federal Circuit in *Uniloc USA, Inc. et al v Big Fish Games, Inc.*, Case No. 18-2186 (CAFC) and *Uniloc USA, Inc. et al. v. ADP, LLC*, Case No. 18-1132 (CAFC) respectively, taking the position that Uniloc 2017 could be joined to cure any standing defects in either that case on appeal or in the following matter:  *Uniloc USA, Inc. et al v. Nutanix America, Inc.*, 2:17-cv-00276 (E.D. Tex.).

25.     Nutanix has maintained that it does not infringe any patentable and valid claim of the patents-in-suit.  Accordingly, an actual and justiciable controversy exists between Nutanix and Uniloc 2017 as to whether Nutanix infringes any valid and patentable claim of the patents-in-suit.

26.     Absent a declaration of non-infringement, invalidity, unpatentability, or release of all claims regarding the patents-in-suit, Uniloc 2017 will continue to wrongly assert the patents-in-suit against Nutanix, and thereby cause Nutanix irreparable harm.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '578 Patent)

27.     Nutanix incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

28.     Uniloc alleged in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.), that Nutanix infringes one or more claims of the '578 patent.  Nutanix incorporates by reference the content of that Complaint, as Uniloc 2017 contends it may be added to that matter.

29.     Uniloc's claims against Nutanix are facially deficient, in that they fail to articulate a factual basis for Uniloc's infringement contentions.  Among other things, they do not even purport to map the Nutanix products to all elements of any asserted claim.

30.     Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '578 patent either literally or under the doctrine of equivalents.  Nutanix further asserts that it has not and does not induce any infringement of any claim of the '578 patent.

31.     Therefore, there exists a substantial controversy between Nutanix and Uniloc 2017, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '578 patent.

32.     An actual and justiciable controversy exists regarding the alleged infringement of the '578 patent by Nutanix.  Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '578 patent.

FENWICK & WEST LLP
ATTORNEYS AT LAW

33.     A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '578 patent.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '293 Patent)

34.     Nutanix incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

35.     Uniloc alleged in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.) that Nutanix infringes one or more claims of the '293 patent.  Nutanix incorporates by reference the content of that Complaint, as Uniloc 2017 contends it may be added to that matter.

36.     Uniloc's claims against Nutanix are facially deficient, in that they fail to articulate a factual basis for Uniloc's infringement contentions.  Among other things, they do not even purport to map the Nutanix products to all elements of any asserted claim.

37.     Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '293 patent either literally or under the doctrine of equivalents.  Nutanix further asserts that it has not and does not induce any infringement of any claim of the '293 patent.

38.     Therefore, there exists a substantial controversy between Nutanix and Uniloc 2017, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '293 patent.

39.     An actual and justiciable controversy exists regarding the alleged infringement of the '293 patent by Nutanix.  Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '293 patent.

40.     A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '293 patent.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '466 Patent)

41.     Nutanix incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

FENWICK & WEST LLP
ATTORNEYS AT LAW

42.     Uniloc alleged in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.) that Nutanix infringes one or more claims of the '466 patent.  Nutanix incorporates by reference the content of that Complaint, as Uniloc 2017 contends it may be added to that matter.

43.     Uniloc's claims against Nutanix are facially deficient, in that they fail to articulate a factual basis for Uniloc's infringement contentions.  Among other things, they do not even purport to map the Nutanix products to all elements of any asserted claim.

44.     Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '466 patent either literally or under the doctrine of equivalents.  Nutanix further asserts that it has not and does not induce any infringement of any claim of the '466 patent.

45.     Therefore, there exists a substantial controversy between Nutanix and Uniloc 2017, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '466 patent.

46.     An actual and justiciable controversy exists regarding the alleged infringement of the '466 patent by Nutanix.  Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '466 patent.

47.     A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '466 patent.

**FOURTH CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement of the '766 Patent)**

48.     Nutanix incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

49.     Uniloc alleged in *Uniloc USA, Inc., et. al., v. Nutanix, Inc.*, Case No. 2:16-cv-01193-RWS (E.D. Tex.), that Nutanix infringes one or more claims of the '766 patent.  Nutanix incorporates by reference the content of that Complaint, as Uniloc 2017 contends it may be added to that matter.

50.     Uniloc's claims against Nutanix are facially deficient, in that they fail to articulate a factual basis for Uniloc's infringement contentions.  Among other things, they do not even purport to map the Nutanix products to all elements of any asserted claim.

51.     Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '766 patent either literally or under the doctrine of equivalents.  Nutanix further asserts that it has not and does not induce any infringement of any claim of the '766 patent.

52.     Therefore, there exists a substantial controversy between Nutanix and Uniloc 2017, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '766 patent.

53.     An actual and justiciable controversy exists regarding the alleged infringement of the '766 patent by Nutanix.  Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '766 patent.

54.     A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '766 patent.

### FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '228 Patent)

55.     Nutanix incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

56.     Uniloc alleged in *Uniloc USA, Inc., et. al. v. Nutanix, Inc.*, Case No. 2:17-cv-00174-JRG (E.D. Tex.), that Nutanix infringes one or more claims of the '228 patent.  Nutanix incorporates by reference the content of that Complaint, as Uniloc 2017 contends it may be added to that matter.

57.     Uniloc's claims against Nutanix are facially deficient, in that they fail to articulate a factual basis for Uniloc's infringement contentions.  Among other things, they do not even purport to map the Nutanix products to all elements of any asserted claim.

58.     Nutanix asserts that it does not infringe or contribute to any infringement of any claim of the '228 patent either literally or under the doctrine of equivalents.  Nutanix further asserts that it has not and does not induce any infringement of any claim of the '228 patent.

FENWICK & WEST LLP
ATTORNEYS AT LAW

59.     Therefore, there exists a substantial controversy between Nutanix and Uniloc 2017, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Nutanix has not infringed any claim of the '228 patent.

60.     An actual and justiciable controversy exists regarding the alleged infringement of the '228 patent by Nutanix.  Nutanix accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '228 patent.

61.     A judicial declaration is necessary and appropriate so that Nutanix may ascertain its rights regarding the '228 patent.

### SIXTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '578 Patent)

62.     Nutanix incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

63.     Upon information and belief, Uniloc contends all claims of the '578 patent are valid.

64.     All claims of the '578 patent are invalid for failure to comply with one or more of the conditions for patentability and validity set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

65.     The '578 patent does not claim patent-eligible subject matter under 35 U.S.C. § 101.  The '578 patent does not describe any new solution, system or device.  Its claims are directed to the abstract idea of combining user and administrator preferences, and neither the claims nor the specification recite any technological inventive concept to transform that abstract idea into a patent-eligible application.  For example, in *Uniloc USA et al. v. ADP, LLC et al.*, Case No. 2:16-cv-00741-RWS (E.D. Tex.) Dkt. No. 267 at 25, the district court found claims 1–8, 10–39, and 41–46 of the '578 patent to be "drawn to ineligible subject matter and, therefore, invalid."  Nutanix further incorporates by reference its amended motion to dismiss the patents-in-suit because they are ineligible under 35 U.S.C. § 101.  *Nutanix, Inc. v. Uniloc USA, Inc. et al.* Case No. 4:17-cv-03181 (N.D. Cal) Dkt. No. 42.  The claims describe generic computer components without modification and are overly vague without claiming any particular way of

Fenwick & West LLP
ATTORNEYS AT LAW

programming or designing the software or components to facilitate execution of the limitations of the claims.  The '578 patent is directed to patent-ineligible subject matter.

66.    The '578 patent is also invalid under 35 U.S.C. § 112 for failing to provide an enabling disclosure or adequate written description supporting its claims, as it provides no special programming algorithm, or technology for implementing the limitations of the claims nor does it disclose the requisite structures for its numerous means-plus-function claim limitations.  Nutanix further incorporates by reference its Invalidity Contentions served in *Uniloc USA, Inc. et al. v. Nutanix, Inc.*, Case No. 2:17-cv-00174 (E.D. Tex).

67.    If the claims are of the scope asserted by Uniloc, then the '578 patent is also invalid as anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103, in light of the prior art and Nutanix's incorporated Invalidity Contentions.   As but one example, and without further limitation, U.S. Patent No. 6,115,040 to Bladow (the "'040 patent"), including its inherent teachings and the admitted prior art is invalidating.

68.    The '040 patent to Bladow, et al., titled "Graphical User Interface for Web Enabled Applications," was filed on September 24, 1998.  The lead inventor, Char R. Bladow, of Colorado Springs, Colorado, assigned the patent to MCI Communications Corporation, Washington, D.C.

69.    The '040 patent either anticipates or renders obvious the claims of the '578 patent. For example the "method for management of configurable application programs on a network" required by Claim 1 of the '578 patent is found in the '040 patent teaching that "[a] backplane architecture controls and manages the user interfaces by instantiating, launching, overseeing and closing the user interfaces associated with a plurality of applications residing in a remote server," which "provides a single uniform user authentication procedure during logon for the user interfaces and also provides session management for a duration of a user session."  *See* '040 patent at Abstract.  The '040 patent also discloses "installing an application program having a plurality of configurable preferences and a plurality of authorized users on a server coupled to the network" as is required by Claim 1 of the '578 patent, teaching "one or more backplane service objects for managing sessions, one or more presentation services objects for the presentation of customer options and customer requested data in a browser recognizable format" as well as that a "second or

middle tier 16, is provided having secure web servers and back-end services to provide applications that establish user sessions, govern user authentication and their entitlements, and communicate with adaptor programs to simplify the interchange of data across the network." *See* '040 patent at 5:35-6:16. The '040 patent also discloses "distributing an application launcher program associated with the application program to a client coupled to the network" as is required by Claim 1 of the '578 patent, teaching that "StarOE is an authentication and entitlement system handling the 'networkMCI Interact' logon authentication and user entitlements for customer sessions. At the initiation of the customer sessions and also throughout the duration the sessions, all the application services communicate with the StarOE for customer authentication and entitlements." *See* '040 patent at 15:49-67. The '040 patent discloses "obtaining a user set of the plurality of configurable preferences associated with one of the plurality of authorized users executing the application launcher program," and "obtaining an administrator set of the plurality of configurable preferences from an administrator" as required by Claim 1 of the '578 patent, teaching that a "[a] common database may be maintained to hold the common configuration data which may be used by the GUI applications and by the mid-range servers. Such common data includes but are not limited to: customer security profiles, billing hierarchies for each customer, general reference data (states, NPA's, Country codes), and customer specific pick lists: e.g., ANI's, calling cards, etc." '040 patent at 11:59-12:6. The '040 patent discloses "executing the application program using the obtained user set and the obtained administrator set of the plurality of configurable preferences responsive to a request from the one of the plurality of authorized users" as is required by Claim 1 of the '578 patent, teaching that "[t]he logon page 230 typically includes name 232 and password 234 fields for user to enter. The logon page 230, in addition, may include hyperlinks 236 to other services such as product and service center, programs and promotions, and questions and answers concerning the system of the present invention. After the user is properly authenticated via the logon page 230, a home page is retrieved." *See* '040 patent at 14:35-43. The '040 patent further discloses that "[a]fter determining the entitlements, the backplane initiates a new thread and starts an application toolbar in step 310. The application toolbar includes the remote services to which the user has subscribed and may select to run. From

FENWICK & WEST LLP
ATTORNEYS AT LAW

the application toolbar, a user is able to select a service to run.  Upon user selection, the selection is communicated from the application toolbar to the backplane in steps 312, 314, which then launches the graphical user interface program associated with the selected service." *See id*. at 18:48-65.  Accordingly, the '578 patent is either anticipated or rendered obvious by the '040 patent.

70.     An actual and justiciable controversy thus exists between Nutanix and Uniloc 2017 as to the invalidity of the claims of the '578 patent, on the specific exemplary grounds alleged above, and based on other grounds that may arise in the course of discovery in this case and as may be presented by other various proceedings involving the '578 patent including, but not limited to, those mentioned in other paragraphs of this Complaint.

71.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Nutanix requests that this Court enter a judgment that all claims of the '578 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '293 Patent)

72.     Nutanix incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

73.     Upon information and belief, Uniloc contends all claims of the '293 patent are valid.

74.     All claims of the '293 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

75.     The '293 patent does not claim patent-eligible subject matter under 35 U.S.C. § 101. The '293 patent does not describe any new solution, system or device.  Its claims are directed to the abstract idea of distributing software over a network and neither the claims nor the specification recite any technological inventive concept to transform that abstract idea into a patent-eligible application.  In fact, in *Uniloc USA et al. v. ADP, LLC et al.*, Case No. 2:16-cv-00741-RWS (E.D.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Tex.) Dkt. No. 267 at 25, the district court found claims 1, 12 and 17 of the '293 patent to be "drawn to ineligible subject matter and, therefore, invalid." The claims provide for the use of off-the-shelf components and simply enumerate conventional and necessary steps for distributing files over a network. Nutanix further incorporates by reference its amended motion to dismiss the patents-in-suit because they are ineligible under 35 U.S.C. § 101. *Nutanix, Inc. v. Uniloc USA, Inc. et al*. Case No. 4:17-cv-03181 (N.D. Cal) Dkt. No. 42. The '293 patent is directed to patent-ineligible subject matter.

76.     The '293 patent is also invalid under 35 U.S.C. § 112 for failing to provide an enabling disclosure or adequate written description supporting its claims, as it provides no special programming algorithm, or technology for implementing the limitations of the claims nor does it disclose the requisite structures for its numerous means-plus-function claim limitations. Nutanix further incorporates by reference its Invalidity Contentions served in *Uniloc USA, Inc. et al. v. Nutanix, Inc.*, Case No. 2:17-cv-00174 (E.D. Tex).

77.     If the claims are of the scope asserted by Uniloc, then the '293 patent is also invalid as anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103, in light of the prior art and Nutanix's incorporated Invalidity Contentions.   As but one example, and without further limitation, U.S. Patent No. 5,845,090 to Collins, et al. (the "'090 patent"), including its inherent teachings and the admitted prior art is invalidating.

78.     The '090 patent to Collins, titled "System for Software Distribution in a Digital Computer Network," was filed on September 30, 1996. The lead inventor, Theodore Joseph Collins, III, of St. Paul, Minnesota, assigned the patent to Platinum Technology, Inc. of Oak Brook, Illinois.

79.     The '090 patent either anticipates or renders obvious the claims of the '293 patent. For example the "method for distribution of application programs to a target on-demand server on a network executed on a centralized network management server coupled to the network" required by Claim 1 of the '293 patent is found in the '090 patent teaching of "[a] process of distributing software and data in a digital computer network by combining the software and data, together with programs and data known as methods, into single entities referred to as Packages,

and then by using specific techniques to transmit Packages from one computer to another."
*See* '090 patent at Abstract.  The '090 patent also discloses "providing an application program to be distributed to the network management server" as is required by Claim 1 of the '293 patent, teaching "a means of distributing software in a digital computer network by using the network to transmit Software Packages.  Software Packages are the fundamental unit of transfer in the present invention.  Packages are transferred between a Network Management Server and Distribution Targets."  *See* '090 patent at 2:23-43.  The '090 patent also discloses "specifying a source directory and a target directory for distribution of the application program" as is required by Claim 1 of the '293 patent, teaching that a "Distribution Target receives Software Packages from the NMS, and sends a digital message to the Package to initiate the installation" and "[a] Hop Server (4) is a digital computer which stores a Software Package and then forwards it to one or more Distribution Targets."  *See* '090 patent at 2:64-3:6; 3:16-26.  The '090 patent discloses "preparing a file packet associated with the application program and including a segment configured to initiate registration operations for the application program at the target on-demand server" as is required by Claim 1 of the '293 patent, teaching that "[a] Command Target (3) is another name for a Distribution Target when it receives and acts on a Command Package. Command Packages are identical to Distribution Packages, except that they contain a different set of methods.  The methods contained in a Distribution Software Package act, among other things, to unpack data from the Software Package and install it on a Distribution Target.  The methods contained in a Command Package, by contrast, act on data to perform a system administration function on the Command Target."  *See* '090 patent at 3:7-15.  The '090 patent also discloses "distributing the file packet to the target on-demand server to make the application program available for use by a user at a client" as is required by Claim 1 of the '293 patent, teaching "a means of distributing software in a digital computer network by using the network to transmit Software Packages" which are "transferred between a Network Management Server and Distribution Targets."  *See* '090 patent at 2:23-43.  The '090 further discloses that "[o]nce a Software Package is scheduled for transmission via the internetwork to a target computer, group, or Profile, an indication is stored in the Outbound Package Queue (13).  The Package Transfer

1   Agent (16) program acts on this indication, and transfers the Package from the Central Package

2   Archive (10) to the Target System, optionally through one or more Remote Distribution Servers."

3   *See id*. at 5:35-49.

4          80.     An actual and justiciable controversy exists between Nutanix and Uniloc 2017 as

5   to the invalidity of the claims of the '293 patent, on the specific exemplary grounds alleged

6   above, and based on other grounds that may arise in the course of discovery in this case and as

7   may be presented by other various proceedings involving the '293 patent including, but not

8   limited to, those mentioned in other paragraphs of this Complaint.

9          81.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.,

10   Nutanix requests that this Court enter a judgment that all claims of the '293 patent are invalid

11   pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101,

12   102, 103, and/or 112.

13                              **EIGHTH CAUSE OF ACTION**

14                  **(Declaratory Judgment of Invalidity of the '466 Patent)**

15          82.     Nutanix incorporates by reference its allegations contained in each of the preceding

16   paragraphs of this Complaint as though fully set forth herein.

17          83.     Upon information and belief, Uniloc contends all claims of the '466 patent are

18   valid.

19          84.     All claims of the '466 patent are invalid for failure to comply with one or more of

20   the conditions for patentability set forth in Title 35 of the United States Code, including without

21   limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

22          85.     The '466 patent does not claim patent-eligible subject matter under 35 U.S.C. § 101.

23   The '466 patent does not describe any new solution, system or device.  Its claims are directed to the

24   abstract idea of providing a user a desktop interface for user selection of application program(s).  In

25   fact, in *Uniloc USA et al. v. ADP, LLC et al.*, Case No. 2:16-cv-00741-RWS (E.D. Tex.) Dkt.

26   No. 267 at 25, the district court found that claims 3–5, 8, 9, 13, 15–20, 22–24, 28–33, 35–37, 41

27   and 42 of the '466 patent to be "drawn to ineligible subject matter and, therefore, invalid."  Nutanix

28   further incorporates by reference its amended motion to dismiss the patents-in-suit because they are

FENWICK & WEST LLP
ATTORNEYS AT LAW

ineligible under 35 U.S.C. § 101.  *Nutanix, Inc. v. Uniloc USA, Inc. et al*. Case No. 4:17-cv-03181 (N.D. Cal) Dkt. No. 42.  Neither the claims nor the specification of the '466 patent recite any technological inventive concept to transform that abstract idea into a patent-eligible application. The '466 patent is directed to patent-ineligible subject matter.

86.     The '466 patent is also invalid under 35 U.S.C. § 112 for failing to provide an enabling disclosure or adequate written description supporting its claims, as it provides no special programming algorithm, or technology for implementing the limitations of the claims nor does it disclose the requisite structures for its numerous means-plus-function claim limitations.  Nutanix further incorporates by reference its Invalidity Contentions served in *Uniloc USA, Inc. et al. v. Nutanix, Inc.*, Case No. 2:17-cv-00174 (E.D. Tex).

87.     If the claims are of the scope asserted by Uniloc, then the '466 patent is also invalid as anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103, in light of the prior art and Nutanix's incorporated Invalidity Contentions.  Indeed, as one example, and without further limitation, the Patent Trial and Appeal Board recently held that claims 1, 2 and 7-9 are unpatentable in view of the prior art after *inter partes* review.  *See Bitdefender, Inc. v. Uniloc USA, Inc.*, IPR2017-01315, Paper No. 24 (Oct. 25, 2018).

88.     An actual and justiciable controversy exists between Nutanix and Uniloc 2017 as to the invalidity of the claims of the '466 patent, on the specific exemplary grounds alleged above, and based on other grounds that may arise in the course of discovery in this case and as may be presented by other various proceedings involving the '466 patent including, but not limited to, those mentioned in other paragraphs of this Complaint.

89.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Nutanix requests that this Court enter a judgment that all claims of the '466 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

**NINTH CAUSE OF ACTION**

**(Declaratory Judgment of Invalidity of the '766 patent)**

90.     Nutanix incorporates by reference its allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

91.     Upon information and belief, Uniloc contends all claims of the '766 patent are valid.

92.     All claims of the '766 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

93.     The '766 patent does not claim patent-eligible subject matter under 35 U.S.C. § 101. The '766 patent does not describe any new solution, system or device.  Its claims are directed to the abstract idea of using license management policy information to decide whether a license is available to a user for an application program.  In fact, in *Uniloc USA et al. v. ADP, LLC et al.*, Case No. 2:16-cv-00741-RWS (E.D. Tex.) Dkt. No. 267 at 25, the district court found that claims 5, 7, 9, 11, 13, 15 and 17 of the '766 patent are "drawn to ineligible subject matter and, therefore, invalid."  Nutanix further incorporates by reference its amended motion to dismiss the patents-in-suit because they are ineligible under 35 U.S.C. § 101.  *Nutanix, Inc. v. Uniloc USA, Inc. et al*. Case No. 4:17-cv-03181 (N.D. Cal) Dkt. No. 42.  Neither the claims nor the specification of the '766 patent recite any technological inventive concept to transform that abstract idea into a patent-eligible application.  The '766 patent is directed to patent-ineligible subject matter.

94.     The '766 patent is also invalid under 35 U.S.C. § 112 for failing to provide an enabling disclosure or adequate written description supporting its claims, as it provides no special programming, algorithm, or technology for implementing the limitations of the claims nor does it disclose the requisite structures for its numerous means-plus-function claim limitations.  Nutanix further incorporates by reference its Invalidity Contentions served in *Uniloc USA, Inc. et al. v. Nutanix, Inc.*, Case No. 2:17-cv-00174 (E.D. Tex).

95.     If the claims are of the scope asserted by Uniloc, then the '766 patent is also invalid as anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103, in light of the prior art and Nutanix's incorporated Invalidity Contentions.   As but one example, and without further

1    limitation, U.S. Patent No. 5,708,709 to Rose, et al. (the "'709 patent"), including its inherent

2    teachings and the admitted prior art is invalidating.

3        96.    The '709 patent to Rose, titled "System and Method for Managing Try-and-Buy

4    Usage of Application Programs," was filed on December 8, 1995.  The lead inventor, John H.

5    Rose of San Jose, California, assigned the '709 patent to Sun Microsystems, Mountain View,

6    California.

7        97.    The '709 patent either anticipates or renders obvious the claims of the '766 patent.

8    For example, the "method for management of license use for a network" required by Claim 1 of

9    the '766 patent is found in the '709 patent teaching of a "system and method for managing the

10   distribution of licensed application programs stored on a server over a distributed computer

11   system" which "maintains control over the program even after the program has been distributed

12   to a client computer from a provider on an information server."  '709 patent at Abstract.  The

13   '709 patent also discloses "maintaining license management policy information for a plurality of

14   application programs at a license management server" required by Claim 1 of the '766 patent,

15   teaching that "protection information may include license expiration date verification, authorized

16   user ID verification, and protection against decompilation and reverse engineering by maintaining

17   the program in an encrypted form until verification of the expiration date and user identity are

18   complete and the program is ready for decoding, loading into the client computer CPU, and

19   execution."  '709 patent at Abstract.  If a computer "associated with the user does not have the

20   validly licensed or trial copy of the Application Builder, the client is prompted to review the

21   licensing terms and agree to the terms presented before a trial copy of the Application Builder is

22   generated and provided to the user."  *Id*. at 9:21-34.  The '709 patent also discloses "that the

23   license management policy information includes at least one of a user identity based policy, an

24   administrator policy override definition, or a user policy override definition" required by Claim 1

25   of the '766 patent, teaching "protection information may include license expiration date

26   verification, authorized user ID verification, and protection against decompilation and reverse

27   engineering by maintaining the program in an encrypted form until verification of the expiration

28   date and user identity are complete and the program is ready for decoding, loading into the client

FENWICK & WEST LLP
ATTORNEYS AT LAW

computer CPU, and execution." '709 patent at Abstract.  The '709 patent also discloses "receiving at the license management server a request for license availability of a selected one of the plurality of application programs from a user at a client" required by Claim 1 of the '766 patent, teaching that "[u]pon selecting an application program [] for downloading, user will optionally be presented with a reminder that the requested program is made available to the user for trial use only under conditions of the license agreement" and that "the acceptance of the license is preferably made explicitly by an affirmative action by the user before the selected application program will be downloaded." '709 patent at 7:8-26.  The '709 patent also discloses "determining the license availability for the selected one of the plurality of application programs for the user based on the maintained license management policy information" and "providing an unavailability indication to the client responsive to the selection if the license availability indicates that a license is not available for the user or an availability indication if the license availability indicates that a license is available for the user" required by Claim 1 of the '766 patent, teaching license verification to determine license availability, which includes  "reading the Application Program file by the Application Builder (Step 428), and then comparing the Licensee ID 184 in the file with a client ID (or a list of Client IDs) associated with the Application Builder that is licensed to the client computer (Step 430).  It also includes comparing the License Termination Date 185 with the current date (i.e., the computer's ambient date) and verifying that the termination date 185 is later than the ambient date stored on the client computer (Step 432)." '709 patent at 10:4-20.

98.     An actual and justiciable controversy exists between Nutanix and Uniloc 2017 as to the invalidity of the claims of the '766 patent, on the specific exemplary grounds alleged above, and based on other grounds that may arise in the course of discovery in this case and as may be presented by other various proceedings involving the '766 patent including, but not limited to, those mentioned in other paragraphs of this Complaint.

99.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Nutanix requests that this Court enter a judgment that all claims of the '766 patent are invalid

1    pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101,

2    102, 103, and/or 112.

3    **TENTH CAUSE OF ACTION**

4    **(Declaratory Judgment of Invalidity of the '228 Patent)**

5    100.    Nutanix incorporates by reference its allegations contained in each of the preceding

6    paragraphs of this Complaint as though fully set forth herein.

7    101.    Upon information and belief, Uniloc contends all claims of the '228 patent are valid.

8    102.    All claims of the '228 patent are invalid for failure to comply with one or more of

9    the conditions for patentability set forth in Title 35 of the United States Code, including without

10   limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

11   103.    The '228 patent does not claim patent-eligible subject matter under 35 U.S.C. § 101.

12   The '228 patent does not describe any new solution, system or device.  Its claims are directed to the

13   abstract idea of providing customized service to customers at a central site.  In fact, in *Uniloc USA*

14   *et al. v. Big Fish Games, Inc.*, Case No. 2:17-cv-01183-RAJ (W.D. Wash.) Dkt. No. 55 at 13, the

15   district court found the claims of the '228 to be "directed to a patent-ineligible abstract idea" and

16   thus invalid.  Nutanix further incorporates by reference its amended motion to dismiss the patents-

17   in-suit because they are ineligible under 35 U.S.C. § 101.  *Nutanix, Inc. v. Uniloc USA, Inc. et al*.

18   Case No. 4:17-cv-03181 (N.D. Cal) Dkt. No. 42.  Neither the claims nor the specification of the

19   '228 patent recite any technological inventive concept to transform that abstract idea into a patent-

20   eligible application.  The '228 patent is directed to patent-ineligible subject matter.

21   104.    The '228 patent is also invalid under 35 U.S.C. § 112 for failing to provide an

22   enabling disclosure or adequate written description supporting its claims, as it provides no special

23   programming algorithm, or technology for implementing the limitations of the claims nor does it

24   disclose the requisite structures for its numerous means-plus-function claim limitations.  Nutanix

25   further incorporates by reference its Invalidity Contentions served in *Uniloc USA, Inc. et al. v.*

26   *Nutanix, Inc.*, Case No. 2:17-cv-00174 (E.D. Tex).

27   105.    If the claims are of the scope asserted by Uniloc, then the '228 patent is also invalid

28   as anticipated or rendered obvious under 35 U.S.C. §§ 102 and/or 103, in light of the prior art and

FENWICK & WEST LLP
ATTORNEYS AT LAW

Nutanix's incorporated Invalidity Contentions.  As but one example, and without further limitation, U.S. Patent No. 5,619,716 to Nonaka, et al. (the "'716 patent"), including its inherent teachings and the admitted prior art is invalidating.

106.    The '716 patent to Nonaka, titled "Information Processing System having a Configuration Management System for Managing the Software of the Information Processing System," was filed on June 6, 1995.  The lead inventor of the '716 patent, Naomichi Nonaka of Kawasaki, Japan assigned the '716 patent to Hitachi, Ltd., of Tokyo, Japan.

107.    The '716 patent either anticipates or renders obvious the claims of the '228 patent. For example the "method of applying service to a computer program that is to be executed at a remote location connected to a central computer site of a computer network" required by Claim 1 of the '228 patent is found in the '716 patent teaching of a "system in which update processes are automated in conformity with types of client machines . . . within which redirectors of identical version are run at any time, to thereby prevent any error ascribable to different programs from occurring" and "[w]hen a redirector stored in the client machine is started, it notifies version information of its own to a configuration management program stored in a server machine."  '716 at Abstract.  The '716 patent also discloses "interactively receiving a request for a computer program service from a customer at a remote location interface with optional service incorporation instructions of the remote location customer" required by Claim 1 of the '228 patent, teaching "when the redirector recognizes the generation of the access request to the server, the version of the redirector is checked . . . [i]f the version is old, the version is updated."  '716 patent at 3:66-4:2.  The '716 patent also discloses "providing the received request for service over the computer network to a service facility at the central computer site" and "determining the components of the requested service at the central computer site" required by Claim 1 of the '228 patent, teaching "[t]he configuration management routine stored in the server 10 has a copy of the redirector 27.  In response to an inquiry made by the redirector update routine on the client 20 side, the configuration management routine compares the notified version with the version of its own redirector 27 and sends the result of the comparison back to the client 20 side."  '716 patent at 7:7-14.  The '716 patent also discloses "providing the results of the requested service over the

computer network back to the customer at the remote location interface" required by Claim 1 of the '228 patent, teaching "[w]hen the update operation is necessary, the newest version of the redirector 27 is transferred from the server 10 and is stored in the disk storage 25 at step 2716. Subsequently, the routine proceeds to a step 2717, at which a message having contents: 'Redirector has been updated.  Please restart.' is displayed." '716 patent at 8:43-49.

108.    An actual and justiciable controversy exists between Nutanix and Uniloc 2017 as to the invalidity of the claims of the '228 patent, on the specific exemplary grounds alleged above, and based on other grounds that may arise in the course of discovery in this case and as may be presented by other various proceedings involving the '228 patent including, but not limited to, those mentioned in other paragraphs of this Complaint.

109.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., Nutanix requests that this Court enter a judgment that all claims of the '228 patent are invalid pursuant to Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Nutanix prays for a declaratory judgment against Uniloc 2017 as follows:

A.      A declaration that Nutanix's technology is not covered by any claim of the '578 patent and that Nutanix does not infringe any claim of the '578 patent;

B.      A declaration that no claim of the '578 patent constitutes patentable subject matter;

C.      A declaration that each claim of the '578 patent is invalid;

D.      A declaration that Nutanix's technology is not covered by any claim of the '293 patent and that Nutanix does not infringe any claim of the '293 patent;

E.      A declaration that no claim of the '293 patent constitutes patentable subject matter;

F.      A declaration that each claim of the '293 patent is invalid;

G.      A declaration that Nutanix's technology is not covered by any claim of the '466 patent and that Nutanix does not infringe any claim of the '466 patent;

H.      A declaration that no claim of the '466 patent constitutes patentable subject matter;

I.      A declaration that each claim of the '466 patent is invalid;

FENWICK & WEST LLP
ATTORNEYS AT LAW

J.      A declaration that Nutanix's technology is not covered by any claim of the '766 patent and that Nutanix does not infringe any claim of the '766 patent;

K.      A declaration that no claim of the '766 patent constitutes patentable subject matter;

L.      A declaration that each claim of the '766 patent is invalid;

M.      A declaration that Nutanix's technology is not covered by any claim of the '228 patent and that Nutanix does not infringe any claim of the '228 patent;

N.      A declaration that no claim of the '228 patent constitutes patentable subject matter;

O.      A declaration that each claim of the '228 patent is invalid;

P.      A declaration that Nutanix's case against Uniloc 2017 is an exceptional case within the meaning of 35 U.S.C. § 285;

Q.      An award of costs and attorneys' fees to Nutanix; and

R.      Such other and further relief as the Court deems just and reasonable.

## JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 3-6, Plaintiff Nutanix hereby demands a trial by jury of all issues triable before a jury.

Dated: May 20, 2019                    Respectfully submitted,

                                       FENWICK & WEST LLP

                                       By: */s/  Charlene M. Morrow*
                                           Charlene M. Morrow

                                           Attorneys for Plaintiff
                                           NUTANIX, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW